## LEWIS ET AL, *vs.* GRACE.

[ACTION ON PROMISSORY NOTE—BRANCH SUMMONS.]

1. *Branch summons; what not such irregularity in, as will work a discontinuance.*—There being three defendants, L. and B. and H., and H. residing in Jefferson county, and L. and B. residing in Shelby county, suit was brought against all in Jefferson circuit court, and the original summons and complaint was served on H. by the sheriff of Jefferson

and a branch summons issued by the clerk of the circuit court of Jefferson county and sent to Shelby county, and there served on L. and B., and all the summonses are returned to Jefferson circuit court and there made one case, and judgment by default rendered against all the defendants,—*Held*, that such judgment will not be reversed on appeal to this court, because the branch summons does not contain the name of the defendant H., except in the indorsement by the clerk on the branch summons. Such an irregularity, if of any force, is not equivalent to a discontinuance.

APPEAL from Circuit Court of Jefferson.
Tried before Hon. W. S. MUDD.

The facts are sufficiently stated in the opinion.

RICE, SEMPLE & GOLDTHWAITE, for appellants.
PORTER & MARTIN, *contra*.

PETERS, J.—On the 31st day of January, 1866, the appellee, Baylis E. Grace, brought suit against Harriet Lewis, Enoch Benson and Richard Hudson, in the circuit court of Jefferson county. This was an action of debt by summons and complaint, founded on a promissory note, dated January 1st, 1862, "due at twelve months, with interest thereon," and made by said defendants, Lewis, Benson and Hudson, and also signed by John S. Harrell, who was not sued in the action.

After setting out this summons and complaint in full, the record recites—"And on same day, first aforesaid, a branch was also issued to Shelby county in the words and as follows, to-wit:

"The State of Alabama,    ⎱   To any sheriff of the State
   Jefferson county.      ⎰   of Alabama. You are hereby commanded to summon Harriet Lewis and Enoch Benson to appear at the next term of the circuit court, to be held for said county, at the place of holding the same, then and there to answer the complaint of Baylis E. Grace.

Witness my hand, this 31st day of January, 1866.
                                        J. M. WARE, Clerk.

"Baylis E. Grace, plaintiff, ⎫
          *vs.*              ⎪ ·    · Circuit Court,
Harriet Lewis and Enoch      ⎬      Spring Term, 1866.
   Benson, defendants.       ⎭

" The plaintiff claims of the defendants one thousand

and five dollars ($1,005), due by promissory note made by them on the 1st January, 1862, and due at twelve months, with interest thereon. Said note is payable to Baylis E. Grace, administrator of the estate of William Wood, deceased, and is now the property of plaintiff, individually. Said note is signed by John S. Harrell as well as said defendants, but said Harrell is not sued herein.

"PORTER & MARTIN,<br>"Attorneys for plaintiff."

The record then further recites—"Upon which is indorsed the following, to-wit: I certify this summons and complaint is a branch of an original suit, issued this day by me, against Harriet Lewis, Enoch Benson and Richard Hudson, in favor of Baylis E. Grace, and returnable to the next term of the circuit court of this county, and that they both constitute but one and the same cause of action.

"J. M. WARE, Clerk."

" These writs were regularly served, the original by the sheriff of Jefferson county on the defendant, Hudson, and the branch by the sheriff of Shelby county on Mrs. Lewis and Benson, the other parties named as defendants in the original summons and complaint. And at the spring term of the circuit court of Jefferson county, in 1867, judgment was rendered against all the defendants named in the original suit, by default, in favor of the plaintiff, for the sum of one thousand three hundred and forty and 59-100 dollars; the amount of damages claimed in plaintiff's complaint, together with the costs in this behalf expended, for which execution may issue."

From this judgment the defendants in the court below appeal to this court, and assign the judgment of the circuit court for error. The judgment below is also suspended by supersedeas bond.

The objection here urged to the regularity of the proceedings in the circuit court is to the form of the branch summons sent to Shelby county, and served upon Mrs. Lewis and Benson, the defendants to the original suit, who resided or were found out of the county of Jefferson. This summons does not mention the name of Hudson,

except in the indorsement, the defendant sued in the county of Jefferson, but only the names of Mrs. Lewis and Benson. In all other respects it and the complaint which accompanies it, are exact copies of the summons and complaint filed and issued in the original suit.

The Code requires that in all such cases as this the suit shall be "commenced by the 'service of a summons,' and that this summons must be accompanied by the complaint of the plaintiff, signed by him or his attorney, setting forth the cause of action."—Rev. Code, §§ 25c8, 2559, 2636. The same authority requires that freeholders of this State must not be sued out of the county of their permanent residence, except in certain cases, of which this is not one. Rev. Code, § 2562. But when the defendants do not all live in the same county a different rule prevails. It is this: "When any joint, or joint and several, cause of action exists, and the defendants reside or may be found in different counties, a summons may issue from the court having jurisdiction of any one of such defendants, and be executed in any county, which must be returned and filed in the court from which the process issued, and constitute but one suit, in the same manner as if but one summons had issued against all the defendants; and it is the duty of the clerk, on issuing such branch summons, to indorse thereon that it is a branch of the original suit, and that all the summonses constitute one suit and are for one and the same cause of action."—Rev. Code, § 2561.

The promissory note here sued on may be treated in law as the several promise of each of the parties to it.—Rev. Code, § 2539. It therefore brings this case under the control of the rule above cited. This, then, is a suit in which a branch summons may issue. And the only question made in this cause is whether the branch summons issued in this case was such as the law authorizes and requires.

We think there can be no possible rational doubt about this. The Code authorizes the issuance of a "branch summons," and directs how it shall be indorsed, how served and how returned, and how it shall be treated after its return, and what effect shall be given to it. The Code does not limit this branch summons to any particular

form. It does not require that it shall be a copy of the original. It is wholly a statutory proceeding. It is not a proceeding at common law. The court is clothed with an enlarged jurisdiction, but is not confined to one precise form of words by which this new jurisdiction may be exerted. The court, then, must form its own process. This power comes with the jurisdiction. If this process is so formed and so used as to do no injury or injustice to the parties over whom the new jurisdiction is exercised, they have no reason to complain. If they ought not to have been sued out of their county, they ought to have appeared in the court below and made the objection by plea in abatement.—Rev. Code, § 2562. If they ought not to have been sued at all, they ought to have appeared and pleaded their exemption. If the mere process was in any thing irregular and not wholly void, the parties complaining should have appeared in the court below and there sought to have it corrected. They had notice of the demand against them, of the time and place of trial, of the court in which the trial was to be had, and this was done in the manner prescribed by law. A branch summons is certainly not intended to mean a copy of the original, because a branch is always but a part of the whole, the whole is made up of its branches, but a copy is a duplicate of the whole.

We think, then, that the omission of the name of Hudson from the branch summons to Mrs. Lewis and Benson, did not make the summons void. It was sufficient to bring the parties into court. Indeed, we think it was sufficient for a compliance with the requirements of the statute.

The case can not, therefore, be assimulated to a discontinuance. No party that was sued and served with process was dismissed from the suit. The suit proceeded against all that were sued, and judgment was taken against all that were sued. This is not a discontinuance. A discontinuance is an unauthorized dismissal of the suit, as to a party who has been sued and served with process.— 1 Bouv. Law Dict. (12th ed.) p. 481; *Fennell v. Masterson, Adm'r*, January term, 1869.

The defect complained of here is one that could have

been amended in the court below. It was mere matter of form, and had it been necessary Hudson's name might have been inserted in the branch summons, on motion or upon objection, in the court below.—Rev. Code, §§ 2807 to 2811, inclusive, and cases there cited.

There is no error in the proceedings and judgment in the court below; it is therefore affirmed, with five per cent. damages. The appellant and his securities will pay the costs of this court and in the court below.